JUDGE OETKEN

25 CV 0569 0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JANE DOE,
Plaintiff,

v.

NBCUniversal Media, LLC, Apple, Inc., John Does 1-50, Defendants.

Case No. _____

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

PRELIMINARY STATEMENT

Plaintiff Jane Doe seeks leave of this Court to proceed under a pseudonym in order to safeguard her identity, personal safety, and the safety of her husband and minor child. This request is rooted in the severe and ongoing nature of the retaliation she has endured following a workplace discrimination complaint filed against a major corporate defendant. The allegations involve unlawful surveillance, physical tracking, child endangerment, and constitutional violations — all of which continue to impact Plaintiff and her family.

Plaintiff respectfully submits that the extraordinary sensitivity of the claims and the verifiable risks of harm meet the legal threshold for pseudonymous litigation under Second Circuit precedent.

LEGAL STANDARD

The Second Circuit has recognized that under exceptional circumstances, courts may permit plaintiffs to proceed anonymously. In Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Cir. 2008), the court outlined a non-exhaustive list of factors to consider when evaluating such requests, including:

- Whether the case involves matters of a highly sensitive and personal nature;

- Whether identification poses a risk of retaliatory physical or mental harm;

- Whether the plaintiff is particularly vulnerable to the possible harms of disclosure;

- Whether the public interest would be served or harmed by anonymity;

- Whether defendants would be unduly prejudiced.

ARGUMENT

I.   The Nature of the Claims Justifies Anonymity

Plaintiff's complaint includes allegations of:

- Enterprise surveillance and digital trespass;

- Use of spyware and network tunneling to access her private devices;

- Surveillance of her home environment, including screen and audio capture;

- A confirmed physical interception attempt following forensic device drop-off;

- Targeted monitoring near her child's school.

These matters are not only sensitive — they involve the safety of her entire family, with confirmed evidence that her husband has also been subjected to the retaliatory surveillance campaign. Naming Plaintiff in a public docket will place her and her family at renewed risk.

II.   Risk of Retaliatory Harm Is Well-Documented

Plaintiff has preserved evidence across multiple platforms, including:

- Screen recordings of Microsoft Teams accessing her device nearly 700 times in a month;

- Device logs confirming background activity linked to enterprise certificates;

- Walkie chatter intercepted while in transit to pick up her son;

- A GLOMAR response from the NSA, indicating national-level interest or sensitivity.

Plaintiff and her husband have reason to fear further coercion or exploitation if she is named publicly.

III. Plaintiff's Family Status and Ongoing Risk Support the Request

Plaintiff is not acting in isolation — she is a mother and wife whose entire household has been impacted by coordinated surveillance. Her continued employment with a named defendant, along with the sensitive nature of her devices, home network, and communications, make her vulnerable to further retaliation.

IV. There Is No Prejudice to Defendants

The relief requested is narrow — anonymity at the pleading and early discovery stages. Defendants will receive identifying information through sealed service. The integrity of the judicial process is preserved.

CONCLUSION

Plaintiff respectfully requests that this Court grant her leave to proceed under the pseudonym JANE DOE, and to file any personally identifying information under seal.

Respectfully submitted,

*/s/ Jane Doe*
JANE DOE

Pro Se Plaintiff

Email: legalreview2025@proton.me

Phone: 646-878-8133

Date: July 10, 2025