UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

v.

NBCUNIVERSAL MEDIA, LLC, Apple Inc., John Does 1-50

Defendants.

Case No. **25-CV-05690**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## I. INTRODUCTION

Plaintiff Jane Doe respectfully submits this Memorandum of Law in support of her Motion for a Temporary Restraining Order and Preliminary Injunction to immediately halt unlawful surveillance, digital trespass, and retaliatory activity undertaken by Defendants, which pose a direct and ongoing threat to her constitutional rights, emotional and physical safety, employment status, and the wellbeing of her minor child.

Defendants' conduct, detailed in Plaintiff's Complaint, constitutes clear violations of the Computer Fraud and Abuse Act (CFAA), invasion of privacy, ADA-based retaliation, and intentional infliction of emotional distress, and includes unauthorized access to and monitoring of Plaintiff's personal iPhones, personal MacBook(s), husband's iPhone, and child's Nintendo Switch, along with continued digital and physical stalking tactics following her protected activity.

Plaintiff seeks immediate injunctive relief to prevent further irreparable harm, preserve evidence, and halt retaliatory escalation.

## II. LEGAL STANDARD

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65, a plaintiff must show:

1. A likelihood of success on the merits,

2. A likelihood of irreparable harm in the absence of relief,

3. That the balance of equities tips in the plaintiff's favor, and

4. That an injunction is in the public interest.
   *See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008); Citigroup Glob. Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30 (2d Cir. 2010).*

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff has filed a detailed Complaint alleging systemic violations of:

- The Computer Fraud and Abuse Act (18 U.S.C. § 1030) through unauthorized access to and control over personal and household devices;

- Constitutional privacy violations through electronic surveillance, device control, and physical tracking;

- ADA and Title VII retaliation in response to protected fair employment activity;

- Intentional infliction of emotional distress through corporate and coordinated hybrid surveillance.

Verified forensic findings and sworn declarations confirm unauthorized MDM configuration profiles, system audio manipulation, microphone hijacking, and surveillance software affecting Plaintiff's household — including on her child's Nintendo Switch.

### B. Plaintiff Will Suffer Irreparable Harm Without Immediate Relief

Without court intervention, Plaintiff faces:

- Ongoing digital trespass and surveillance,
- Retaliatory escalation following protected legal action,
- Emotional and psychological harm, including to her minor child,
- Destruction or suppression of critical forensic evidence.

Courts have recognized irreparable harm where plaintiffs are subject to privacy intrusions and retaliation.

See *Doe v. Chao, 540 U.S. 614 (2004); Arista Records v. Doe 3, 604 F.3d 110 (2d Cir. 2010).*

### C. The Balance of Equities Favors Plaintiff

Defendants face no undue burden in ceasing surveillance, data manipulation, or retaliation. Plaintiff, by contrast, faces severe and irreversible harm if the conduct continues. Her devices, communications, privacy, and home life are already compromised.

### D. Injunctive Relief Serves the Public Interest

The public has a vested interest in:

- Preventing abuse of digital infrastructure by private corporations,
- Upholding constitutional protections against surveillance and retaliation,
- Ensuring the integrity of legal proceedings, particularly those involving civil rights, ADA protections, and protected whistleblowing activity.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion and issue a Temporary Restraining Order and Preliminary Injunction:

1. Halting all surveillance, monitoring, or remote access to:

    - Plaintiff's personal iPhones, personal MacBooks,
    - Her husband's iPhone,
    - Her child's Nintendo Switch;

2. Enjoining further retaliation or reputational harm;
3. Compelling the preservation of all data and access logs;
4. Prohibiting Apple Inc. from making deletions, firmware wipes, or update interventions that affect forensic preservation of any devices used by Plaintiff.

Dated: July 11, 2025

Respectfully submitted,

*/s/ Jane Doe*

Jane Doe (pro se)