UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                     Plaintiff,

     -v-

NBCUNIVERSAL MEDIA, LLC, *et al.*,

                     Defendants.

25-CV-5690 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      On July 10, 2025, Plaintiff, proceeding *pro se*, filed a complaint naming Defendants NBCUniversal Media, LLC, Apple Inc., and sixty "John Doe" defendants. (ECF No. 1 ("Compl.").) Plaintiff also moved for a temporary restraining order ("TRO") (ECF No. 6), leave to proceed under a pseudonym (ECF No. 4), and leave to seal certain "confidential exhibits" (ECF No. 9). She filed memoranda of law supporting each motion. (ECF Nos. 5 ("Pseudo. Mem."), 8 ("TRO Mem."), 10.) Plaintiff alleges that Defendants have been unlawfully retaliating against her for filing a workplace discrimination complaint. (Compl. ¶¶ 16-26.) "Within approximately one hour of [her] protected activity," Defendants allegedly installed surveillance software on Plaintiffs' electronic devices, and began physically and electronically surveilling her and her family (*id.* ¶¶ 27-42), including her minor child (*id.* ¶¶ 44, 71-72). Plaintiff's complaint requests damages of $45.5 million, which she claims is "intentional and symbolic" and a "stark rebuke" to Defendants' alleged misconduct. (*Id.* ¶ 79.) Plaintiff also requests a TRO "[h]alting all surveillance, monitoring, or remote access to" her and her husband's personal electronic devices, and "[h]er child's Nintendo Switch"; directing the preservation of relevant evidence; and barring "further retaliation or reputational harm." (TRO Mem. at 4.)

1

Whatever the merits of Plaintiff's case, she has failed to show that she is entitled to proceed under a pseudonym. Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). Accordingly, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. Factors that the Second Circuit has identified as relevant to this balancing include the sensitivity of the litigation, the risk of harm, the plaintiff's unique circumstances, prejudice to the defendant, the public interest, and alternatives to confidentiality.[1] Because defendants always suffer some prejudice from being unable to confront their accusers, and because "there is a strong presumption of public access" to "the public forum of litigation," "pseudonyms are the exception and the not the rule." *Doe v. Intel Corp.*, No. 24-CV-6117, 2024 WL 4553985, at *2, 5 (S.D.N.Y. Oct. 22, 2024) (cleaned up).

Here, Plaintiff has failed to rebut the strong presumption of public access. Even assuming the truth of Plaintiff's allegations—that she and her entire family are being surveilled by her former employer with the help of Apple and the National Security Agency (Pseudo. Mem. at 2-3; TRO Mem. at 2-4)—Plaintiff does not allege any distinct harm that would arise from public awareness of her allegations. To the contrary, the alleged bad actors here all already know who Plaintiff is, and Plaintiff has not alleged that she faces harassment or threats from

---

[1] The factors listed here are a condensed version of the original ten factors articulated in *Sealed Plaintiff*, 537 F.3d at 190. However, the Second Circuit has been clear that "a district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

members of the public or third parties.  Nor is the litigation particularly sensitive in the sense that it involves allegations of sexual misconduct or the disclosure of potentially embarrassing information.  (*Compare Doe v. Combs*, No. 24-CV-7772, 2025 WL 1879516, at *2 (S.D.N.Y. July 8, 2025) ("[A]llegations of sexual assault are paradigmatic examples of highly sensitive and personal claims."), *with Intel Corp.*, 2024 WL 4553985, at *3 (holding that allegations of employment discrimination and retaliation are not "sensitive" for purposes of a request for pseudonymous pleading)).[2]  On the flip side, as Plaintiff recognizes, her lawsuit raises issues in which the public has a particularly strong interest, including "[u]pholding constitutional protections against surveillance," "[e]nsuring the integrity of legal proceedings," and "[p]reventing abuse of digital infrastructure."  (TRO Mem. at 3.)  The remaining *Sealed Plaintiff* factors are either not relevant (e.g., Plaintiff's age), or insufficient to tip the scales in either direction (e.g., the fact that Plaintiff's name is not already publicly known).

In sum, the risks to Plaintiff from public disclosure are minimal, and the harm to Defendants and the public would be great.  Plaintiff's motion to proceed under a pseudonym is therefore denied.  Summonses will not issue at this time.

Plaintiff shall file a letter within 7 days of the publication of this opinion indicating whether she intends to proceed using her real name.  If she elects to proceed, her real name will be used in all future filings, she shall file an amended complaint using her real name within 14 days of her letter, and the Court will consider her other motions in due course.

---

[2] If Plaintiff is concerned about publicly revealing aspects of her private medical history (*see, e.g.*, Compl. ¶ 16), she can file such information under seal or request targeted redactions.

The Clerk of Court is directed to terminate the motion at ECF No. 4.

SO ORDERED.

Dated: July 15, 2025
      New York, New York

                                        J. PAUL OETKEN
                                  United States District Judge