# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Jill Sterlacci,**

Plaintiff,

v.

**NBCUniversal Media, LLC, Apple Inc.,** and **John Does 1–60,**

Defendants.

**Case No. 1:25-cv-05690-JPO**

## MOTION TO SEAL EXHIBITS AND APPENDICES

Plaintiff Jill Sterlacci respectfully moves this Court for an Order allowing her to file under seal the exhibits and appendices submitted in connection with her Amended Complaint, pursuant to Local Civil Rule 79.3 and the Court's inherent supervisory authority.

In support of this motion, Plaintiff states:

1. The exhibits and appendices contain sensitive personally identifying information (PII), confidential medical records, surveillance evidence, and private communications involving third parties, including a minor.
2. Several materials also contain proprietary or confidential business information belonging to NBCUniversal and its technology or security partners, which may implicate internal protocols, software telemetry, or protected infrastructure.
3. The information contained within these materials is not essential to the public's understanding of the legal issues presented, but is critical to the factual substantiation of Plaintiff's claims.
4. The need to protect the privacy of involved individuals, preserve the confidentiality of forensic evidence, and safeguard sensitive corporate data outweighs any presumed right of public access under the common law or First Amendment.
5. Plaintiff is willing to provide redacted versions for public docketing, if necessary, at the Court's direction.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the appendices and exhibits in support of her Amended Complaint under seal, and enter the attached proposed order.

Dated: August 8, 2025

Respectfully submitted,

/s/ **Jill Sterlacci**

**Jill Sterlacci**

Pro Se Plaintiff

Legalreview2025@proton.me

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Jill Sterlacci,**

Plaintiff,

v.

**NBCUniversal Media, LLC, Apple Inc.,** and **John Does 1–60,**

Defendants.

**Case No. 1:25-cv-05690-JPO**

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO SEAL

Upon consideration of Plaintiff's Motion to Seal Exhibits and Appendices submitted in connection with her Amended Complaint, and for good cause shown, it is hereby:

ORDERED that the Motion is GRANTED. Plaintiff is granted leave to file the supporting exhibits and appendices under seal.

ORDERED FURTHER that the sealed materials shall remain under seal unless and until the Court orders otherwise.

SO ORDERED.

Dated: _____, 2025

New York, NY

# CONFIDENTIAL – FOR IN CAMERA REVIEW ONLY

# NOT FOR DOCKETING OR PUBLIC FILING

## Sterlacci v. NBCUniversal Media LLC et al.
Case No. 25-cv-05690-JPO (SDNY)

## Representative Evidence in Support of Motion to Seal

Submitted for the Court's confidential, in camera review to underscore the sensitivity of materials Plaintiff seeks to maintain under seal.

This document contains examples only and does not constitute the full set of evidence.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Jill Sterlacci**,
Plaintiff,

v.

**NBCUniversal Media, LLC, Apple Inc., and John Does 1–60**,
Defendants.

**Case No. 1:25-cv-05690-JPO**

**REPRESENTATIVE EVIDENCE IN SUPPORT OF MOTION TO SEAL**

This packet contains a small, representative subset of Plaintiff's evidence. Plaintiff possesses hundreds of additional exhibits of equal or greater sensitivity—including logs, photographs, video, and official records—that will be submitted under seal in full evidentiary appendices if the sealing motion is granted. The materials below are provided solely to illustrate the nature, sensitivity, and evidentiary value of the larger sealed record.

**Section 1 – Microsoft Teams Unauthorized Audio & Screen Access Evidence**

*Screenshots and system prompts from Plaintiff's NBCUniversal-issued MacBook showing Microsoft Teams accessing both screen and audio without authorization on April 28, 2025. System settings confirm 665 instances of access, with installation of the MSTeamsAudioDevice.pkg occurring less than one hour after Plaintiff filed her internal HR complaint.*

- Event Date: **April 28, 2025**
- Location: Plaintiff's home
- Device: NBCUniversal-issued MacBook Pro

**CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING**

**Key Facts:**

1.  At approximately 12:34ET, Plaintiff's MacBook displayed a system popup stating "Microsoft Teams is accessing your screen and audio."
2.  When clicked, the popup revealed MSTeamsAudioDevice.pkg installed on **April 15, 2025 at 2:29 PM ET** — less than one hour after Plaintiff's internal complaint call with HR.
3.  Plaintiff captured screenshots and video recordings from her iPhone documenting both:
    *   Active MSTeams audio/screen access (665 instances counted in system permissions)
    *   Installation timestamp linking directly to date/time of complaint.
4.  These captures have not been professionally examined yet but are preserved in original resolution.


**Attachments:**

1.  Image set: "665 Popup Evidence" and associated metadata



2.  Screenshot of MSTeamsAudioDevice.pkg install date



CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING

**Significance**: Disclosure would expose internal technical methods and surveillance triggers, enabling replication or evasion by malicious actors.

_____

## Section 2 – Physical Surveillance: Tier 3 Vehicles

*Photographic documentation of high-tier surveillance vehicles—including those with symbolic license plate sequencing—parked in close proximity to Plaintiff's minor child's school and residence. Vehicles display known surveillance "tells," such as dash/rear cameras and objects hanging from rearview mirrors.*

Tier 3 Definition: Vehicles that:

- Match established J–K–L license plate sequence pattern,
- Appear at high-sensitivity locations (home, child's school, family residences),
- Recur in multiple sightings tied to surveillance contexts.

Evidence Set:

1. Neighbor's Vehicle – Registered plate falls within symbolic sequence pattern; documented repeatedly parked in line-of-sight of Plaintiff's residence.
2. School Surveillance Incidents – Multiple Tier 3–pattern vehicles documented parked near Plaintiff's son's school, photographed on separate occasions.
3. Behavioral Indicators – Many vehicles display known surveillance "tells," including:
   - Objects hanging from rearview mirrors
   - Visible dash or rear-facing cameras
   - Extended idle/stationary positioning in school pickup/drop-off areas

**Attachments:**

1. Neighbor vehicle photo (JPEG)



2. Three separate school location vehicle photos (JPEGs)

  

**Significance: Public release could identify surveillance assets, compromise ongoing safety measures, and increase the risk to Plaintiff and her child.**

---

CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING

## Section 3 – Law Enforcement Reporting and FOIA/OPRA Records

*Official correspondence and agency responses showing Plaintiff's efforts to report surveillance and obtain records, including: (1) May 23, 2025 reports to Fort Lee and Cliffside Park Police Departments; (2) a May 27, 2025 attempt to file with NYPD; (3) July 3, 2025 NYPD FOIL request and acknowledgment; and (4) July 4, 2025 OPRA requests to New Jersey agencies. These demonstrate both the seriousness of Plaintiff's reports and the lack of substantive response.*

### 3.1 – Fort Lee Police Department

- Date of Report: **May 23, 2025**
- Nature: Surveillance-related safety concerns formally documented.
- Follow-Up: OPRA Request No. 642-2025 submitted for report copy and related records.

**Attachments**:

1. Fort Lee Incident Report excerpt (PDF)



CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING

2. OPRA Request No. 642-2025 (PDF)



## 3.2 – Cliffside Park Police Department
- Date of Report: **May 23, 2025**
- Nature: Surveillance activity in jurisdiction documented.
- Follow-Up: OPRA request submitted; no reply received as of filing.

**Attachments**:

1. Cliffside Park Incident Report excerpt (PDF)



CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING

2. OPRA submission image (JPEG)



## 3.3 – NYPD FOIL Request

- Date of Submission: **July 3, 2025**
- Nature: FOIL request to NYPD for any records of surveillance or incidents tied to Plaintiff.
- Status: FOIL-2025-056-20301 acknowledged and pending.

**Attachments**:

1. FOIL submission confirmation (PDF)



**CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING**

2. FOIL acknowledgment (PDF)



## 3.4 – Attempted In-Person Report – NYPD

- Date: **May 27, 2025**
- Nature: Attempted to file in-person report at NYPD precinct.
- Outcome: NYPD refused to take report or create incident record; no complaint number issued.

**Significance: Disclosure would reveal sensitive law enforcement correspondence and internal handling of surveillance-related complaints, which could jeopardize investigative integrity and Plaintiff's security.**

**Closing Statement**

The exhibits contained herein are a fraction of the sensitive evidence in Plaintiff's possession. Public disclosure of the full record at this stage would expose private individuals, compromise active investigative avenues, and undermine the integrity of ongoing proceedings. Sealing is sought not to obscure facts from the Court, but to preserve their evidentiary value and prevent avoidable harm. Plaintiff respectfully requests that the Court grant the motion to seal and permit submission of the complete evidentiary record under protective conditions.

**Dated: August 9, 2025**
**Respectfully Submitted,**

/s/ Jill Sterlacci
Jill Sterlacci
Plaintiff, Pro Se
legalreview2025@proton.me

CONFIDENTIAL – FOR JUDGE'S IN CAMERA REVIEW ONLY – NOT FOR DOCKETING

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Jill Sterlacci**,
Plaintiff,

v.

**NBCUniversal Media, LLC, Apple Inc., and John Does 1–60**,
Defendants.

**Case No. 1:25-cv-05690-JPO**

**SUPPLEMENTAL EVIDENCE FILING**

**Escalating Fabrication of "Chinese" Artifacts – Coordinated Post-Filing Retaliation and Discovery Obstruction**

Pursuant to Fed. R. Civ. P. 15(d), Plaintiff supplements the record with additional forensic findings establishing a deliberate, escalating pattern of fabricated "foreign" digital artifacts injected into her devices and evidence sources.

Defendants were already aware of the first planted Chinese-language artifact through public court filings, even though they had not yet been formally served. Rather than preserve evidence or cease unlawful conduct, the actors behind these intrusions intensified their tampering, targeting Plaintiff's devices with new foreign-themed artifacts clearly intended to:

1. Obstruct and corrupt discovery by contaminating active evidence sources.
2. Manufacture a false national security pretext to deflect from the true retaliatory motive.
3. Poison the evidentiary record in advance of formal discovery.

### 1. June 27, 2025 – Planted Chinese-Language Email in CDS Report

Upon receiving the CDS forensic report for Plaintiff's BYOD iPhone, a previously unseen Chinese-language email address appeared in the findings. Plaintiff had never sent, received, or accessed any such account. Legitimate iCloud-linked addresses were conspicuously omitted, and a spam Gmail account used only for Twitter was included instead. This was the first known "Chinese" artifact and is already in the record via the original complaint, amended complaint, and a standalone supplement.

### 2. August 3, 2025 – .icloud.com.cn Credential Injection

As documented in Plaintiff's sworn Declaration of Digital Forensic Findings – August 3, 2025, Apple credential subsystems (Cloud Keychain, Protected Cloud Storage, Shared Web Credentials, CoreServices) were simultaneously compromised to inject a .icloud.com.cn domain and create a phantom altDSID escrow set. This mirrored the June 27 planted artifact and represents willful spoliation, CFAA violations, and post-litigation retaliation.

### 3. August 10, 2025 – "Chinese & Japanese Keyboard Data" Injection

On August 10, 2025, Plaintiff's personal iPhone displayed unexpected "Chinese & Japanese Keyboard Data" in iCloud backup size calculations. Plaintiff has never enabled, typed, or spoken in these languages. The anomaly appeared in a user-visible system menu, again aligning with the same false-flag foreign-communications narrative as the prior planted artifacts.

### Pattern and Legal Impact

This series demonstrates a continuing violation and an intentional campaign to corrupt the evidentiary record:

- Same thematic signature: Chinese-linked injection into otherwise legitimate data sources.
- Conduct escalated after Defendants were already aware of the first artifact through public filings.
- Acts are calculated to derail judicial review, interfere with active and forthcoming discovery obligations, and contaminate the chain of custody for critical evidence sources.

- These injections are timed and targeted to manufacture a false investigative narrative, misdirect law enforcement, and shield the underlying ADA-based retaliation and constitutional violations from exposure.
- The deliberate placement of such artifacts during pending federal litigation constitutes active obstruction of justice and willful spoliation under both federal and common law standards.

**Relief Requested:**

Plaintiff requests that the Court take judicial notice of this supplemental evidence, recognize its direct relevance to the CFAA, Constitutional Violations, and spoliation claims, and consider this evidence in connection with any motion for sanctions or adverse inference arising from Defendants' continued spoliation and obstruction.

**Respectfully submitted,**

*/s/* **Jill Sterlacci**
Jill Sterlacci
*Plaintiff, Pro Se*
**Dated: August 10, 2025**
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Jill Sterlacci,**
Plaintiff,

v.

**NBCUniversal Media, LLC, Apple Inc., and John Does 1–60,**
Defendants.

**Case No. 1:25-cv-05690-JPO**

**Evidence Index – Chinese Artifact Escalation Series**
*(Filed in Support of Supplemental Evidence – August 10, 2025)*

Exhibit 1 – **June 27, 2025 – CDS Report (Planted Chinese-Language Email)**

- Source: Cellebrite Device Summary report provided by CDS Legal for Plaintiff's BYOD iPhone.

- Description: Forensic report includes a previously unseen Chinese-language email address.

- Relevance: Plaintiff never sent, received, or accessed any such account. Legitimate iCloud-linked addresses omitted; spam Gmail account (monkeysnakedog3@gmail.com) included instead. Establishes first instance of Chinese-themed digital artifact fabrication.

- Exhibit 1: Screenshot of report excerpt with injected address highlighted; cropped to relevant lines for clarity.

Exhibit 2 – **August 3, 2025 – .icloud.com.cn Credential Injection**

- Source: Device logs and microstackshots from Plaintiff's personal iPhone (registered to husband), captured August 3, 2025.

- Description: Simultaneous compromise of Apple credential subsystems (Cloud Keychain, Protected Cloud Storage, Shared Web Credentials, CoreServices) to inject .icloud.com.cn domain and create phantom altDSID escrow set.

- Relevance: Mirrors June 27 planted artifact; demonstrates escalation after Defendants were aware of allegations. Supports claims of spoliation, CFAA violations, and post-filing retaliation.

- Exhibit 2: Cropped log excerpts showing injection event; relevant lines highlighted.


Exhibit 3 – **August 10, 2025 – "Chinese & Japanese Keyboard Data" Injection**

- Source: iCloud Backup settings screen on Plaintiff's personal iPhone, captured August 10, 2025.

- Description: Unexpected listing of "Chinese & Japanese Keyboard Data" in next-backup size calculation despite Plaintiff never enabling, typing, or speaking in these languages.

- Relevance: Aligns with prior false-flag Chinese artifacts; visually obvious anomaly in a user-facing menu. Shows continued tampering with active evidence sources during pending litigation.

- Exhibit 3: Full screenshot of backup settings menu; anomaly highlighted for visibility.

Exhibit 1 – **June 27, 2025 – CDS Report (Planted Chinese-Language Email)**



Exhibit 2 – **August 3, 2025 – .icloud.com.cn Credential Injection**



Exhibit 3 – **August 10, 2025 – "Chinese & Japanese Keyboard Data" Injection**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Jill Sterlacci,**
Plaintiff,


v.


**NBCUniversal Media, LLC, Apple Inc., and John Does 1–60,**
Defendants.


**Case No. 1:25-cv-05690-JPO**


## PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING FABRICATED FOREIGN-NEXUS EVIDENCE AND INTEGRATION WITH ADVANCED SURVEILLANCE INFRASTRUCTURE


Plaintiff respectfully submits this supplemental notice to apprise the Court of new evidence relevant to the pending claims under the Computer Fraud and Abuse Act, Constitutional Violations, and spoliation, and to place Defendants' conduct in its proper strategic and technical context.


Defendants' conduct has escalated beyond mere workplace retaliation into reckless territory with potential geopolitical consequences. By planting a fabricated Chinese-language artifact on Plaintiff's devices — despite Plaintiff having no history of speaking, typing, or communicating in Chinese — Defendants not only sought to create a false foreign nexus to justify unlawful surveillance, but also risked triggering unwarranted national security scrutiny. Such conduct demonstrates a conscious disregard for the truth, the judicial process, and the potential diplomatic repercussions of manufacturing evidence implicating a foreign nation.


Independent of the fabricated Chinese-language artifact, Plaintiff has evidence that Defendants and/or their agents maintained access to advanced surveillance and analytics infrastructure, including platforms consistent with Palantir's capabilities, enabling mass

data ingestion, cross-platform identity correlation, and behavioral modeling. Such systems, when combined with fabricated foreign-nexus evidence, provide a turnkey pathway for escalating a private employment dispute into a purported matter of national security. This convergence of retaliatory motive, manufactured evidence, and high-grade surveillance tooling underscores the deliberate and coordinated nature of Defendants' actions, and warrants immediate judicial scrutiny.

Plaintiff requests that the Court take judicial notice of this supplemental evidence, recognize its direct relevance to the above-referenced claims, and consider it in connection with any forthcoming motion for sanctions, adverse inference, or other remedial order addressing Defendants' continued spoliation and obstruction.

**Respectfully submitted,**

/s/ **Jill Sterlacci**
Jill Sterlacci
*Plaintiff, Pro Se*
**Dated: August 10, 2025**
New York, New York